UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN MARCOS-CHAVELA, | CASE NO. C22-980 MJP |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| U.S. SPORTS TEAMS, et al.,, | |
| Defendants. | |

The Court issues this Order of Dismissal after reviewing Plaintiff's Complaint. (Dkt. No. 5.) Having reviewed the Complaint, the Court DISMISSES the Complaint WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) because the claims are barred by judicial immunity and are frivolous and because the Complaint fails to state a claim for relief as required by Rule 8 of the Federal Rules of Civil Procedure.

**BACKGROUND**

Acting pro se, Plaintiff Susan Marcos-Chavela has filed what she purports to be a Bivens action against "Major League U.S. Sports Teams," Starbucks, Judge Michael McShane, and

1   Justices Brett Kavanaugh and Sonia Sotomayor. (Dkt. No. 5.) As best the Court can discern from

2   Plaintiff's hand-written complaint, she complains about the display of Pride flags and

3   homosexuality which she claims has caused her to lose $1 million and other unspecified revenue,

4   and to lose both "Pride as an American" and "Pride for all Peoples." (Dkt. No. 5 at 1-7.) Plaintiff

5   demands removal of Pride flags, and the "expulsion" of Judge McShane, Justice Kavanaugh, and

6   Justice Sotomayor. (Id. at 7-9.)

7                                              **ANALYSIS**

8   **A.      Legal Standard**

9            There are certain minimum standards that apply to any complaint filed in federal district

10  court. The standards applicable to Plaintiff's complaint are contained in Rule 8 of the Federal

11  Rules of Civil Procedure. To satisfy Rule 8, a complaint "must contain sufficient factual matter,

12  accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

13  U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim

14  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

15  reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

16  678. "But where the well-pleaded facts do not permit the court to infer more than the mere

17  possibility of misconduct," the allegations are inadequate to satisfy Rule 8. Id. at 679. And

18  "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops

19  short of the line between possibility and plausibility of entitlement to relief." Twombly, 559 U.S.

20  at 557 (quotation omitted); see Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004)

21  ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion

22  to dismiss.").

23

24

1    When a plaintiff appears without counsel in a civil rights case, "the court must construe

2    the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. Los

3    Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). Yet this lenient standard does not

4    excuse a pro se litigant from meeting the most basic pleading requirements. See Am. Ass'n of

5    Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

6        And because Plaintiff has been granted leave to proceed with this matter without paying

7    the filing fee, the Court is required to "dismiss the case at any time if the court determines" that

8    the action: (1) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be

9    granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28

10   U.S.C. § 1915(e)(2)(B). Before the Court may dismiss the complaint as frivolous or for failure to

11   state a claim, it "must provide the pro se litigant with notice of the deficiencies of his or her

12   complaint and an opportunity to amend the complaint prior to dismissal." McGucken v. Smith,

13   974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted  "where the

14   amendment would be futile or where the amended complaint would be subject to dismissal."

15   Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

16   **B.    Defects in Complaint**

17       Having reviewed Plaintiff's Complaint, the Court finds that its claims are barred by

18   judicial immunity, do not state a claim for relief, and appear to be frivolous. The Court

19   DISMISSES the claims WITH PREJUDICE because amendment would be futile.

20       Bivens actions are the judicially-crafted counterpart to Section 1983. They enable victims

21   to sue individual federal officers for damages resulting from violations of constitutional rights.

22   Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). To state a claim under Bivens, a

23   plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the

24

United States was violated, and (2) the alleged deprivation was committed by a federal actor. Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). "Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Id.

The first problem with Plaintiff's Complaint is that its claims against Judge McShane and Justices Kavanaugh and Sotomayor are barred by judicial immunity. As the Supreme Court has explained:

> this Court has consistently adhered to the rule that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities. Pierson v. Ray, 386 U.S. 547 [87 S.Ct. 1213, 18 L.Ed.2d 288] (1967); Stump v. Sparkman, 435 U.S. 349 [98 S.Ct. 1099, 55 L.Ed.2d 331] (1978)."

Dennis v. Sparks, 449 U.S. 24, 27 (1980) (quoting Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 734–735 (1980)). From what the Court can understand from Plaintiff's Complaint, she attacks a ruling of Judge McShane, which is a judicial act for which Judge McShane enjoys judicial immunity. (Dkt. No. 5 at 6.) Plaintiff's claims against Justices Kavanaugh or Sotomayor are difficult to decipher, but they appear to attack actions taken in their judicial capacities. These claims are barred by judicial immunity. As such, the Court finds that the claims Judge McShane and Justices Kavanaugh and Sotomayor are barred by judicial immunity and must be DISMISSED with prejudice.

Second, Plaintiff's Bivens claims cannot be maintained against the remaining defendants because they are private entities and not federal agencies—Starbucks and U.S. Major League Sports Teams. As such, Plaintiff's claims against them cannot be asserted under Bivens. Nor could these claims be restyled as § 1983 claims, because none of these entities is alleged to be acting under color of state law. The Court DISMISSES the claims against these Defendants.

1    Third, Plaintiff's Complaint fails to satisfy Rule 8 and its claims are frivolous. The

2    Complaint fails to allege with any clarity what rights are at issue, where the alleged wrongdoing

3    occurred, who undertook the alleged wrongdoing, how these acts harmed Plaintiff, and why she

4    is entitled to relief. Nor does the Complaint contain any allegations showing causation—how any

5    acts or omissions, policies, customs, or practices, allegedly caused a deprivation of Plaintiff's

6    rights. And given the Court's present understanding of the allegations in the Complaint, the

7    Court finds the claims to be frivolous. Plaintiff's complaints about homosexuality and Pride flags

8    lack any arguable basis in law and fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

9    These are two independent bases on which the Court finds the Complaint must be DISMISSED.

10                                          **CONCLUSION**

11    Given the deficiencies described above, the Court DISMISSES Plaintiff's Complaint.

12    Because Plaintiff's claims are barred by judicial immunity as to the judicial defendants, cannot

13    be maintained against the private entities, and are frivolous, the Court DISMISSES the claims

14    WITH PREJUDICE because amendment would be futile. See Saul, 928 F.2d at 843; 28 U.S.C. §

15    1915(e)(2)(B).

16    The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

17    Dated July 29, 2022.

18

19                                          Marsha J. Pechman
                                            United States Senior District Judge

20

21

22

23

24